# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
Estate of JOSEPHINE PLOTKIN, ANNE  \*
C. TOALE, ESQ., as Executor,       \*
                                   \*   No. 16-1249V
        Petitioner,            \*   Special Master Christian J. Moran
                                   \*
v.                                 \*
                                   \*   Filed: August 25, 2021
SECRETARY OF HEALTH                \*
AND HUMAN SERVICES,                \*   Attorneys' fees and costs, interim
                                   \*   award.
        Respondent.            \*
* * * * * * * * * * * * * * * * * * * * * * * *

<u>Anne Carrion Toale</u>, Maglio Christopher and Toale, Sarasota, FL, for petitioner;
<u>Alexis B. Babcock</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

      Represented by an attorney from Maglio Christopher and Toale, Ms. Plotkin alleged a vaccine harmed her. Pet., filed Sep. 30, 2016. After approximately 14 months, the claim that the vaccine harmed Ms. Plotkin ended with a decision in her favor based upon the parties' stipulation. <u>Plotkin v. Sec'y of Health & Human Servs.</u>, No. 16-1249V, 2017 WL 7795124 (Fed. Cl. Spec. Mstr. Nov. 27, 2017).

      After that decision, Ms. Plotkin's case became more convoluted. While these details are set forth in a May 29, 2020 order, those complications are not relevant to petitioner's pending motion. The pending motion, which was filed on June 3, 2021, seeks an award of attorneys' fees and costs on an interim basis. The motion requests that petitioner be awarded attorneys' fees and costs incurred from the inception of the case through January 7, 2018. Exhibit 39 (timesheets).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

For the reasons that follow, petitioner is awarded **$16,825.87**.

\* \* \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Because petitioner received compensation from the Vaccine Program, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352. Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

Here, the Secretary did not challenge petitioner's request to an award of attorneys' fees and costs. See Resp't's Resp., filed June 10, 2021. The lack of objection from the Secretary supports a finding that an award on an interim basis is appropriate. Moreover, after the case has become protracted in the nearly four years after the November 27, 2017 decision, an interim award also allows separation of the attorneys' fees and costs to which petitioner is indisputably entitled from the attorneys' fees and costs to which the Secretary may interpose an objection. See Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 899703, at *4 (Fed. Cl. Spec. Mstr. Mar. 12, 2009) (awarding "irreducible minimum" in attorneys' fees), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.  Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895 n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

Here, the proposed hourly rates for Ms. Toale and her colleagues are reasonable.  Therefore, they are accepted.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

The law firm's time entries provide adequate detail to assess reasonableness.  Generally, Ms. Toale and staff assisting on the case billed appropriately and reasonably.  However, some charges were for filing a document.  Filing documents is a clerical task for which attorneys should not charge.  See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  To accomplish rough justice, $250 is eliminated.

In addition, Ms. Toale and paralegals assisting her charged for filing a motion for redaction.  However, the motion for redaction was not well-founded and petitioner eventually withdrew the motion.  Pet'r's Status Rep., filed Feb. 20, 2018, ¶ 1.  Consequently, the charges for the motion for redaction (roughly $750.00) are eliminated.

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, and 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Accordingly, petitioner is awarded attorneys' fees in the amount of $14,671.20.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $2,154.67 in attorneys' costs, primarily consisting of acquiring medical records and mailings. See exhibit 19. These charges are reasonable.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $16,825.87 in the form of a check made payable to petitioner** (Estate of Josephine Plotkin, Anne C. Toale, Esq., as Executor) **and petitioner's attorney, Anne Carrion Toale.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e) for work incurred before January 8, 2018. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).